907 So.2d 790 (2005)
Amy BRIEDE
v.
The ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE; and the New Orleans Police Department (A Political Subdivision of the City of New Orleans).
No. 2004-CA-1773.
Court of Appeal of Louisiana, Fourth Circuit.
June 22, 2005.
*791 Daniel E. Becnel, Jr., Darryl J. Becnel, Law Office of Daniel E. Becnel, Jr., Reserve, LA, for Plaintiff/Appellant, Amy Briede.
William D. Aaron, Jr., Special Prosecutor, Richard A. Goins, Special Prosecutor, New Orleans, LA, for Defendants/Appellees, Orleans Parish District Attorney's Office and the District Attorney of Orleans Parish.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge MICHAEL E. KIRBY, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The plaintiff, Amy Briede, appeals the dismissal of her case against the defendant, the Orleans Parish District Attorney's Office, on its exception of no cause of action. We affirm.

Facts and Procedural History
On September 27, 2002, Mrs. Briede and her husband, Christopher Briede, were attacked in their Lepage Street home in New Orleans by Darryl Franklin, Bryan Nelson[1] and Damon Dawson. During the course of the attack, the Briedes were beaten with a shotgun and Mrs. Briede was kidnapped and forced to drive her automobile to an ATM machine to withdraw money. She was then forced to return home, where the assailants ordered the couple to lie on the floor side by side. The assailants then shot Mr. Briede in the back and attempted to shoot Mrs. Briede, but the shotgun malfunctioned. Mr. Briede died as a result of the gunshot wound.
Mrs. Briede subsequently filed a wrongful death and survival action in Civil District Court for the Parish of Orleans, naming as defendants the Orleans Parish District Attorney's Office, the New Orleans Police Department and the City of New Orleans. In her petition, Mrs. Briede alleges that Darryl Franklin and Bryan Nelson previously had been arrested on March 11, 2002, for kidnapping, rape and attempted murder, but were never formally charged with any of the crimes. She alleges that due to the defendants' negligence in failing to properly investigate and timely charge Darryl Franklin and Bryan Nelson for the March 11, 2002 offenses, the two men were released from jail and thereafter committed the crimes on September 27, 2002, that caused her injuries and Mr. Briede's death. Mrs. Briede further alleges that the defendants failed to act prudently with due care for the safety of others by allowing the two dangerous individuals to leave police custody.
The Orleans Parish District Attorney's Office filed the peremptory exception of no cause of action, arguing the following: 1) that the Orleans Parish District Attorney's Office is not a proper defendant, as it does not have the capacity to be sued; 2) that the Orleans Parish District Attorney and the employees of the District Attorney's Office are absolutely immune from civil liability for claims arising from conduct that occurred within the course and scope of their prosecutorial functions; and, 3) that the district attorney and assistant district *792 attorneys are immune from civil liability in suits based upon administrative negligence absent allegations and proof of malice.
Following a hearing, the trial court rendered judgment sustaining the exception of no cause of action, finding that the Orleans Parish District Attorney's Office was absolutely immune from civil liability for the acts and omissions alleged in Mrs. Briede's petition, and dismissed her suit with prejudice.[2]

Assignment of Error
In her sole assignment of error, Mrs. Briede argues that the trial court erred in granting the District Attorney's Office absolute immunity from liability for its grossly negligent failure to timely institute charges against Darryl Franklin and Bryan Nelson in March 2002, who were then released and later committed the heinous crimes against her and Mr. Briede.

Discussion
The peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Fink v. Bryant, XXXX-XXXX, p. 3 (La.11/28/01), 801 So.2d 346, 348-49. For the purpose of determining the validity of such an exception, all well pleaded allegations of fact are accepted as true. City of New Orleans v. Board of Commissioners, 93-0690 (La.7/5/94), 640 So.2d 237. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law and the trial court's decision is based solely on the sufficiency of the petition. Id. at 253. A petition should not be dismissed for failure to state a cause of action unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him (her) to relief. Fink, XXXX-XXXX at p. 4, 801 So.2d at 349.
The Louisiana Constitution of 1974, Art. V, § 26(B), provides:
Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.
Louisiana Rev. Stat. 16:1(C) reiterates the language of the Constitution, setting forth the duties and powers of the District Attorney for the Parish of Orleans.
Furthermore, Louisiana Code of Criminal Procedure article 61, relative to the powers and duties of the district attorney, provides:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
In addition, La.C.Cr.P. art. 381, states:
A criminal prosecution is brought in the name of the state in a court of criminal jurisdiction, for the purpose of *793 bringing to punishment one who has violated a criminal law.
The person injured by the commission of an offense is not a party to the criminal prosecution, and his rights are not affected thereby.
The above cited laws give the district attorney broad discretionary power in both instituting and handling criminal prosecutions. Mrs. Briede alleges in her petition that the District Attorney's Office was negligent because it failed to timely file charges against Darryl Franklin and Bryan Nelson for the March 11, 2002 crimes and, but for its negligence, they would not have been released from jail and the September 27, 2002 crime spree would never have occurred. In other words, Mrs. Briede claims the District Attorney's Office's failure to prosecute and/or institute legal proceedings against the two men for the March 2002 offenses caused her injuries, including her husband's death. Mrs. Briede's allegations do not state a cause of action against either the District Attorney of Orleans Parish, individually, or his office because the decision to take any action to prosecute or not prosecute is within the district attorney's constitutionally granted powers. Thus, we find no error in the trial court's judgment maintaining the Orleans Parish District Attorney's Office's exception of no cause of action.
Having concluded that Mrs. Briede's petition fails to state a cause of action that affords her a remedy under the law, we need not address whether the Orleans Parish District Attorney's Office is absolutely immune from civil liability for acts of gross negligence during the course of its prosecutorial functions.

Conclusion
Accordingly, for the reasons stated herein, the judgment of the trial court dismissing the plaintiff's suit against the Orleans Parish District Attorney's Office on its exception of no cause of action is affirmed.
AFFIRMED.
NOTES
[1] The petition also refers to Bryan Nelson as "Byron" Nelson.
[2] The record reflects that the trial court also rendered a separate judgment that dismissed Mrs. Briede's suit without prejudice and sustained the exception of no cause of action, finding that the Orleans Parish District Attorney's Office did not have the capacity to be sued and therefore was not a proper party defendant. Pursuant to La. C.C.P. art. 934, the trial court granted the plaintiff fifteen (15) days to amend her petition to name the proper defendant. The record before us does not indicate whether or not Mrs. Briede amended her petition. In any event, this appeal is not from that judgment.